UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-271 (PAM) |
| | Crim. No. 14-66(5) (PAM) |
| Plaintiff, | |
| v. | **ORDER** |
| Phoumara Todd Sok, | |
| Defendant. | |

_____

This matter is before the Court on Defendant Phoumara Todd Sok's Motion for Compassionate Release under the First Step Act. Sok primarily contends that release is warranted to allow him to care for his aging mother, who is suffering from dementia and other serious health issues. For the following reasons, the Court grants the Motion.

**BACKGROUND**

In March 2014, Defendant Phoumara Todd Sok and five others were charged with participating in a conspiracy to distribute methamphetamine. In addition to the conspiracy, the charges against Sok included possession with intent to distribute methamphetamine and cocaine, using and carrying a firearm in connection with a drug trafficking crime, and being a felon in possession of a firearm. (Docket No. 1 in 14cr66(5).) Sok pled guilty to the conspiracy and using-and-carrying-a-firearm counts in July 2014, and was allowed to remain on bond pending sentencing. Within a few weeks, Sok was again apprehended after law enforcement witnessed him selling cocaine. Sok was then charged with distribution of and possession with intent to distribute cocaine. (Docket No. 8 in 14cr271.) He again pled guilty, and the two cases were consolidated for sentencing.

In May 2015, the Hon. Richard H. Kyle sentenced Sok to 180 months' imprisonment in 14cr66, and a consecutive 24 months' imprisonment in 14cr271. Sok's projected release date is January 2029. He has served nearly three-quarters of his 204-month sentence.

Sok's mother suffers from vascular dementia, major depressive disorder, and Type 2 diabetes with stage 3a chronic kidney disease, among other conditions. (Docket No. 35-1 in 14cr271 at 6.)[1] Sok's mother lives part of the time with Sok's brother and part with Sok's sister, but refuses to stay with any of her children on a consistent basis. Recently, Sok's mother has become aggressive and has wandered out of the house on numerous occasions, and she now requires 24-hour supervision that the family cannot afford. Sok submitted affidavits from relatives establishing that none of them is able or willing to provide round-the-clock care for his mother. (E.g., Docket No. 50.)

In addition, Sok's sister was diagnosed with breast cancer in 2021, and continues to suffer the effects of chemotherapy and radiation. She works as a surgical assistant at the Mayo Clinic in Rochester, where she lives. Because of her health and her job, she is unable to care for her mother on a 24-hour basis. (Docket No. 49.)

There is no dispute that Sok has sufficiently exhausted available administrative remedies. His Motion is therefore ripe for consideration.

---

[1] All evidence Sok submitted in support of his Motion was docketed in 14cr271. Hereafter, the Court will not specify the case number when referring to this evidence.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include the defendant's own health, or "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

The Government urges the Court to deny the Motion, pointing to the subsection's provision that the defendant be the "only available caregiver" for the parent. According to the Government, because Sok has other family members, he is not the only available caregiver for his mother. But Sok has proffered evidence, in the form of affidavits, letters, and text messages, that establish that he is indeed the only person available to care for his mother's serious health needs 24 hours a day, seven days a week. He has met his burden to show that the subsection applies to him.

The Court must also consider whether the general sentencing factors in § 3553(a) warrant a reduction in sentence. The Government argues that Sok's substance-abuse history makes him an inappropriate candidate for release, noting that he began smoking marijuana when he was nine years old and using cocaine at the age of 14. Sok has, however, completed the Bureau of Prisons' non-residential drug abuse treatment program, among other beneficial programming. He has had no disciplinary infractions during his nearly 10-year incarceration. He has shown a willingness to meaningfully participate in treatment and to better himself while incarcerated. As such, the Court believes that he no longer poses a danger to the community. The § 3553(a) factors warrant a reduction in Sok's sentence to time served.

3

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Id. § 3582(c)(1)(A). Probation and Pretrial Services have approved Sok's proposed release plan, which requires him to reside at his sister's residence in Rochester, Minnesota. The Court will likewise approve that plan, subject to the terms and conditions of the original term of supervision as well as the following additional condition: that Sok serve up to 180 days in home confinement as directed by the Probation Officer, under such terms as the Probation Officer shall impose, and subject to GPS or other monitoring as the Probation Officer deems necessary.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Sok's Motion for Compassionate Release (Docket No. 35) is **GRANTED**;

2. Sok's sentence of 204 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. Sok shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgments (Docket No. 221 in 14cr66; Docket No. 29 in 14cr271), subject to the additional condition outlined above and any other conditions the U.S. Probation Office may recommend; and

4. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Sok's release.

Dated:   February 27, 2024

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge